1  EDMUND G. BROWN, JR.
   Attorney General of California
2  JANICE K. LACHMAN, SBN 186131
   Supervising Deputy Attorney General
3  JOHN PADRICK, SBN 155123
   Deputy Attorney General
4  1300 I Street, Suite 125
   P.O. Box 944255
5  Sacramento, CA 94244-2500
   Telephone: (916) 323-6708
6  Facsimile: (916) 327-8643
   John.Padrick@doj.ca.gov
7
   Attorneys for State of California, Department of Consumer Affairs
8
   JENNIFER L. DAUER, SBN 179262
9  DIEPENBROCK HARRISON, a Professional Corporation
   400 Capitol Mall, Suite 1800
10 Sacramento, CA 95814-4413
   Telephone: (916) 492-5000
11 Facsimile: (916) 446-4535
   jdauer@diepenbrock.com
12
   Attorneys for Defendant, Compass Vision, Inc.
13
   NORMAN PERLBERGER
14 POMERANTZ PERLBERGER & LEWIS, LLP
   One Presidential Blvd., Suite 315
15 Bala Cynwyd, PA 19004
   Telephone: (610) 664-3222
16 nperlberger@ppl-law.com

17 STEVEN S. KANE, SBN 061670
   THE KANE LAW FIRM
18 402 W. Broadway, Suite 860
   San Diego, CA 92101
19 Telephone: (619) 338-0660
   Facsimile: (619) 338-0668
20 skane@thekanelawfirm.com

21 Attorneys for Plaintiffs

22 JEREMY A. MEIER, SBN 139849
   THOMAS A. WOODS, SBN 210050
23 GREENBERG TRAURIG, LLP
   1201 Ka Street, Suite 1100
24 Sacramento, CA95814
   Telephone: (916) 442-1111
25 Facsimile: (916) 448-1709
   MeierJ@gtlaw.com
26 WoodsTo@gtlaw.com

27 Attorneys for Third-Party Defendant / Counterclaimant Maximus, Inc.

28

1  MARK BRANDON, SBN 110245
   BRANDON AND ASSOCIATES
2  3695 Third Avenue
   San Diego, CA 92103
3  Telephone: (619) 295-9595
   Facsimile: (619) 295-2575
4  mbrandon@brandon-law.com

5  DAVID BEACH, SBN 127135
   PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ
6  438 First Street, 4th Floor
   Santa Rosa, CA 95402
7  Telephone: (707) 525-8800
   Facsimile: (707) 545-8242
8  beach@perrylaw.net

9  Attorneys for Defendant National Medical Services, Inc. dba NMS Labs

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BYRUM, et al., | MC S-09-0110-MCE-GGH |
| Plaintiffs, | Northern Dist. Case #09-cv-02016-BZ |
| v. | **STIPULATED PROTECTIVE ORDER** |
| COMPASS VISION, INC., et al., | |
| Defendants. | |
| LAURA FUJISAWA, et al., | MC S-09-0111-MCE-GGH |
| Plaintiffs, | Northern Dist. Case #07-cv-05642-BZ |
| v. | |
| COMPASS VISION, INC., et al. | |
| Defendants. | |
| LORIE GARLICK, | MC S-09-0112-MCE-GGH |
| Plaintiff. | Northern Dist. Case #08-cv-04118-BZ |
| v. | |
| COMPASS VISION, INC., et al. | |
| Defendants. | |

**Stipulated Protective Order and Order**                     09mc0110, 0111, 0112, 0113 and 0114

-2-

| | | |
|---|---|---|
| 1 | DEBORAH JEAN SMITH, et al., ) | MC S-09-0113-MCE-GGH |
| 2 | ) Plaintiffs, ) | So. Dist. Case #08-cv-01684-BEN-AJB |
| 3 | v. ) | |
| 4 | COMPASS VISION, INC., et al. ) | |
| 5 | Defendants. ) | |
| 6 | ) | |
| 7 | MAGDA GONZALEZ, et al., ) Plaintiffs, ) | MC S-09-114-MCE-GGH So. Dist. Case #07-cv-1951-BEN-AJB |
| 8 | ) | |
| 9 | v. ) | |
| 10 | COMPASS VISION, INC., et al. ) Defendants. ) | |
| 11 | ) | |

The State of California, Department of Consumer Affairs ("DCA"), on behalf of the Board of Registered Nursing ("BRN") and Board of Pharmacy, ("BPH"), brought a motion for protective order to protect certain documents and testimony related to the BRN Diversion Program and the BPH Pharmacists' Recovery Program ("PRP") from production and deposition. The actions pertaining only the BRN Diversion Program are numbered 09-110 and 09-113. The action pertaining only to the PRP is numbered 09-112. The actions pertaining to both the BRN Diversion Program and the PRP are numbered 09-0111 and 09-114. Following DCA's Motion for Protective Order, heard January 21, 2010, and Judge Hollows' February 2, 2010 Order thereon denying the motion, DCA submitted the matter for reconsideration before Judge England, currently set for hearing on March 11, 2010. The parties below, through counsel, have resolved this discovery dispute through stipulation, and good cause appears for the following order:

IT IS HEREBY ORDERED that the following Stipulated Protective Order apply to production of documents, depositions, declarations, or other pre-trial testimony in the above a actions, thereby resolving the current dispute, and DCA's motion for reconsideration is withdrawn with prejudice:

///

1. **Definitions.**

"Confidential Document" is a document that bears the stamp or legend "Confidential: Subject to Protective Order" and which contains Confidential Information. There shall be no restrictions on the use of a Confidential Document within the subject litigation, except as may be imposed expressly herein or by the court before which the underlying action is pending.

"Confidential Information" is information lawfully entitled to confidential treatment under California law, including without limitation, trade secrets and/or proprietary information, financial information, medical information, and other personal information. For purposes of this Protective Order, "Confidential Information" also includes information and records which are not public records, if that information or record was developed by or for, or submitted to, DCA's BRN or BPH in connection with a diversion, recovery and/or probation monitoring program pursuant to California Business and Professions Code sections 2770 *et seq*. or 4360 *et seq*. Documents and records relating to BRN's or BPH's diversion, recovery or probation monitoring programs held in accordance with Business and Professions Code section 156.1 shall be deemed to contain Confidential Information for purposes of this Protective Order. To the extent that information which would otherwise be Confidential Information has been publicly disclosed, it shall generally not be considered Confidential Information under this Protective Order (except to the extent any Designating Party objects or files a motion pursuant to the terms of this order).

"Designating Party" means the party who produces documents and marks them as "Confidential: Subject to Protective Order."

"Disclosing Party" is a Party who further produces a document marked as confidential in accordance with this Protective Order.

"Document" means "writings" as defined in California Evidence Code section 250, and shall include deposition transcripts, declarations, or other pre-trial testimony.

"Party" or Parties" to this Protective Order include: all named Plaintiffs, Defendants Compass Vision, Inc. ("Compass") and National Medical Services, Inc. dba NMS Labs ("NMS"), third party-defendant MAXIMUS, Inc. ("MAXIMUS"), and non-party DCA and the Boards of Nursing and Pharmacy.

**2.     Confidential Documents and Information.**

    **2.1**     The Designating Party may mark any document, deposition transcript, declaration, or other pre-trial testimony which it believes contains Confidential Information as "Confidential: Subject to Protective Order." Testimony recorded by a court reporter may be designated as confidential by making a statement to that effect on the record at the deposition or other proceedings, or by marking the appropriate portion of the transcript as "Confidential: Subject to Protective Order" within ten (10) days after the date the transcript of the testimony is available. The document, deposition transcript, declaration, or other pre-trial testimony so marked shall be considered confidential and may not be used outside of the instant actions unless 1) challenge is made to the designation and no motion to protect the information is filed, as provided below, or 2) the designation is withdrawn.   A Designating Party may withdraw the designation of a document, deposition transcript, declaration, or other pre-trial testimony as confidential by circulating among the Parties a copy of the document, deposition transcript, declaration, or other pre-trial testimony without the marking "Confidential: Subject to Protective Order" with written acknowledgment that the designation has been withdrawn.

    **2.2**     Within five (5) court days of receipt of a document, deposition transcript, declaration, or other pre-trial testimony designated as confidential under this Protective Order, any Party may provide the Designating Party with a written objection that lists the documents, deposition transcripts, declarations, or other pre-trial testimony which the receiving party seeks to have precluded from the Protective Order. If the document, deposition transcript, declaration, or other pre-trial testimony arguably is not a public record and covered by California Business and Professions Code sections 156.1, 2770 *et seq*. or 4360 *et seq*., then the objecting Party must also provide notice of its objection to DCA by first class and certified mail to the attention of the Executive Officer of BRN and/or BPH (whichever is applicable) with a copy via first class and certified mail to the DCA's Legal Affairs Division at 1625 N. Market Blvd., Suite S-309, Sacramento, CA 95834.

///

///

      **2.3**     Within ten (10) court days of receipt of an objection to a designation of a document, deposition transcript, declaration, or other pre-trial testimony as confidential, the Designating Party or DCA (subject to limitations below) shall have the right to file a motion with the court in which the underlying action is pending to determine whether the document, deposition transcript, declaration, or other pre-trial testimony is lawfully entitled to confidential treatment under California law.  DCA shall have the right to file such a motion only if DCA asserts that the document is subject to this Protective Order as a diversion and/or recovery program record, or that the deposition or pretrial testimony discloses information that would otherwise be protected as a diversion and/or recovery program record.  If such a motion is filed, the documents, deposition transcripts, declarations, and/or other pre-trial testimony shall be treated as Confidential Documents unless and until a final ruling to the contrary is obtained by the District Court in which the motion has been made, including the expiration of any period in which a Party may request reconsideration of any decision.  This Order does not change or affect the burden by which the proponent of confidentiality must establish its entitlement to confidential treatment.  No Party will seek any delay of the underlying litigation and no document will be withheld or testimony refused because of the intent to file or the actual filing of a motion seeking to establish confidentiality.

      **2.4**     The failure of a Designating Party to file a timely motion shall result in the document, deposition transcript, declaration, or other pre-trial testimony to which an objection has timely been stated no longer being subject to this Protective Order.

      **2.5**     Documents, deposition transcripts, declarations, or other pre-trial testimony containing Confidential Information must be filed in redacted form and/or pursuant to an application to seal.  In the pending actions, the Parties acknowledge that nothing will be accepted for filing under seal with the Court without separate prior order by the judge before whom the hearing or proceeding will take place.  Such order must be sought in accordance with Northern District Local Rule 79-5 or, in the Southern District, by *ex parte* application by the Party filing the document, deposition transcript, declaration, or other pre-trial testimony, with appropriate notice to opposing counsel in accordance with Judge Battaglia's Civil Case Procedures.

**3.    Persons to Whom Confidential Documents, Deposition Transcripts, Declarations, or Other Pre-Trial Testimony May be Disclosed.**

    **3.1**   Confidential Documents and Information, and any derivative documents, deposition transcripts, declarations, or other pre-trial testimony based on the Confidential Information, may only be used in connection with the above-captioned actions, as that use may be further limited by the orders of the District Court before which the action is pending.

    **3.2**   No Confidential Document or Information may be disclosed to any person without the prior, written consent of the Designating Party, *except that* the following persons are authorized to receive Confidential Documents and Information:

        *3.2.1*   Counsel for the Parties, including, but not limited to, attorneys and employees of such counsel's law firms, to the extent reasonably necessary to render professional services in connection with the above-captioned actions;

        *3.2.2*   Parties, only to the extent necessary for such Parties to see Confidential Documents for the purposes of the above-captioned actions;

        *3.2.3*   Third party contractors (and their employees) involved in the organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the above-captioned actions, including the performance of such duties in relation to a computerized litigation support system;

        *3.2.4*   Other persons not covered by Paragraphs 3.2.1 through 3.2.3 above, who are employed by a Party or their attorneys of record to assist in the preparation of the above-captioned actions for trial, such as independent experts and consultants, and the employees of such experts and consultants.

///
///
///

    *3.2.5*    Court officials and personnel involved in the above-captioned actions, including without limitation judges, clerks, the trier-of-fact, including a jury panel, in the trial of the underlying actions, court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court;

    *3.2.6*    Witnesses at deposition;

    *3.2.7*    Any other person designed by the Northern District or Southern District Courts in the interest of justice, and on such terms that the Court may deem just and proper.

**3.3**    Before any Confidential Document or Information may be disclosed to persons described in Paragraphs 3.2.2 through 3.2.4 and 3.2.6 above, the Disclosing Party shall provide each person to whom such Confidential Documents and Information will be disclosed with a copy of this Protective Order and shall require the person receiving the Confidential Document or Information to sign a written certification that 1) s/he has received and read the Protective Order; 2) that s/he understands and will abide by its terms; and 3) that s/he consents to the exercise of personal jurisdiction by the Northern or Southern District Court, as appropriate, with respect to any dispute concerning an alleged violation of this Protective Order. The Disclosing Party shall maintain such written certifications and product the relevant certifications in connection with any motion filed to enforce this Protective Order.

**4.**    **Obligations On Termination of the Underlying Actions.**

**4.1**    At the conclusion of the above-captioned action in which the Confidential Documents or Information were produced, including the resolution of any appeal or expiration of any period in which an appeal may be filed, all Confidential Documents shall be returned to counsel of record for the Designating Party or destroyed (at the option of the party in possession of the Confidential Documents). All other documents, deposition transcripts, declarations, or other pre-trial testimony that reveal Confidential Information, including copies, excerpts, or summaries, shall be destroyed.

**4.2**   All obligations and duties arising under this Protective Order shall survive the termination of the above-captioned actions and, in addition, shall be binding upon the Parties (including their successors and assigns, whether in whole or in part, and their affiliates, subsidiaries, their officers, agents, representatives and employees) and any individual to whom Confidential Documents or Information was disclosed hereunder.

**4.3**   This Court shall retain jurisdiction only with respect to enforcement of this Order if violated. Any dispute regarding the improper use of Confidential Documents or Information released under this Order, and to enter further Orders respecting Confidential Information, as may be necessary will be in the jurisdiction of the Court in the underlying litigation:

Dated: March 24, 2010                Respectfully submitted,

EDMUND G. BROWN, JR.
Attorney General of California
JANICE K. LACHMAN
Supervising Deputy Attorney General


*/s/ John Padrick*
John Padrick
Deputy Attorney General
Attorney for State of California, Department
Of Consumer Affairs

Dated: March 24, 2010                DIEPENBROCK HARRISON

*/s/ Jennifer L. Dauer*
Jennifer L. Dauer
Attorney for Compass Vision, Inc.

Dated: March 24 , 2010                POMERANTZ PERLBERGER & LEWIS LLP

*/s/ Norman Perlberger*
Norman Perlberger
Attorney pro hac vice for Plaintiffs

Dated: March 24, 2010                THE KANE LAW FIRM

*/s/ Steven S. Kane*
Steven S. Kane
Attorney for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated: March 24, 2010 | GREENBERG TRAURIG, LLP |
| 2 | | */s/ Jeremy A. Meier* |
| 3 | | Jeremy A. Meier<br>Attorney for Third-Party Defendant/<br>Counterclaimant MAXIMUS, Inc. |
| 7 | Dated: March 24, 2010 | BRANDON AND ASSOCIATES |
| 9 | | */s/ Mark Brandon*<br>Mark Brandon<br>Attorney for Defendant NMS, Inc. |
| 11 | Dated: March 24, 2010 | PERRY JOHNSON ANDERSON MILLER &<br>MOSKOWITZ |
| 14 | | */s/ David Beach*<br>David Beach<br>Attorney for Defendant NMS, Inc. |

**ORDER**

Good cause appearing, the foregoing Stipulated Protective Order applies to production of documents, depositions, declarations, or other pre-trial testimony in the above actions. DCA's Motion for Reconsideration (Docket No. 21) is withdrawn with prejudice as moot.

Dated: March 25, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE